UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 1 8 2016 ★
BROOKLYN OFFICE

------------------------------------------------------------- X

NATIONSTAR MORTGAGE, LLC,

                      Plaintiff,

- against -

PATRICIA WILSON, ERIN CAPITAL
MANAGEMENT LLC, PALISADES
COLLECTION LLC, TARGET NATIONAL
BANK, RUSSELL CARBONE, MIDLAND
FUNDING LLC, "JOHN DOES," AND "JANE
DOES," said name being fictitious, parties
intended being possible tenants or occupants of
premises, and corporations, other entities or
persons who have, claim, or may claim, a lien
against, or other interest in, the premises.

                      Defendants.

------------------------------------------------------------- X

**MEMORANDUM & ORDER**

16 Civ. 6338 (AMD) (VMS)

ANN DONNELLY, District Judge.

On August 28, 2014, the plaintiff filed this mortgage foreclosure action in Westchester County Supreme Court (Index No. 14-68700). More than two years later, on November 17, 2016, *pro se* defendant Russell Carbone, a citizen of the state of New York, removed the action to this Court. For the reasons set out below, this action is remanded *sua sponte* to state court.[1]

The procedure for removing a case to federal court is established by 28 U.S.C.A. § 1446(b)(1). The defendant must file a notice of removal within 30 days of the receipt of the

---

[1] The Court has a duty to raise the subject of subject matter jurisdiction. *In re Appointment of Smith*, No. 11-cv-2405-RRM, 2011 WL 2008512, at *2 (E.D.N.Y. May 20, 2011). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c).

1

initial pleading.[2] Federal courts must construe the removal statute narrowly, and resolve any uncertainties regarding removability "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments." *Brooks v. Starbucks Corp.*, No. 13-cv-2705-JG, 2013 WL 4520466, at *1 (E.D.N.Y. Aug. 26, 2013) (citations omitted). The defendant "asserting federal jurisdiction bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006).

Generally, a defendant may remove a lawsuit from state to federal court if "district courts of the United States have original jurisdiction." 28 U.S.C.A. § 1441(a). The district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331. They have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C.A. § 1332(a)(1). Defendant Carbone asserts both grounds—federal question and diversity—as the basis for this Court's subject matter jurisdiction.

Under the well pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This case was brought as a state law foreclosure action. Nevertheless, defendant Carbone asserts that federal question jurisdiction exists because he intends to assert a RICO counterclaim. (Notice of Removal ¶ 12.) Because a federal counterclaim will not create removal jurisdiction, *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831–32 (2002), defendant Carbone's RICO counterclaim fails to

---

[2] The complaint was filed in Westchester County Supreme Court more than two years ago. Defendant Carbone maintains that he was not served until October 19, 2016, (Notice of Removal ¶ 1), but failed to provide any proof of this.

2

establish any basis for removal.

Defendant Carbone also purports to remove this action on the basis of diversity jurisdiction.[3] Pursuant to the federal removal statute, a lawsuit is not properly removed if any of the parties "served as defendants is a citizen of the state in which such action is brought." 28 U.S.C.A. § 1441(b)(2); *see also Parekh v. Econ. Premier Assur. Co.*, No. CV 10-5599 SJF ARL, 2012 WL 1020426, at *2 (E.D.N.Y. Jan. 17, 2012), *report and recommendation adopted*, No. 10-CV-5599 SJF ARL, 2012 WL 1020425 (E.D.N.Y. Mar. 26, 2012). Because defendant Carbone is a citizen of New York, this action is not removable to federal court on diversity grounds. *Handelsman v. Bedford Vill. Associates Ltd. P'ship*, 213 F.3d 48, 50 n.2 (2d Cir. 2000). This Court has the authority to remand *sua sponte* on this basis, as long it does so within thirty days of the defective removal. *See Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 644 (2d Cir. 1993); *see also Soms v. Aranda*, No. 00-cv-9626-DLC, 2001 WL 716945, at *1 (S.D.N.Y. June 26, 2001). This remand is well within the thirty day period. Because this lawsuit was improperly removed, the action is remanded to state court.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
November 18, 2016

---

[3] Defendant Carbone's notice of removal does not adequately allege diversity of citizenship. In the first place, "diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships," and here, defendant Carbone failed to identify the citizenship of any other named defendant in this action. *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). Moreover, many of the parties—including the plaintiff—are limited liability companies ("LLC"). The citizenship of a LLC, for diversity purposes, depends upon the citizenship of its members. *Handelsman*, 213 F.3d at 52; *see also Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004). The notice of removal failed to identify the citizenship of the members of the plaintiff and defendant LLCs. Consequently, defendant Carbone's representations are insufficient to establish diversity jurisdiction in this Court. *Mackason*, 347 F. Supp. 2d at 55.